CLERK
US DISTRICT & BANKRUPTCY

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEON D. COLVIN**<br>743 Fairmont Street N.W. #211<br>Washington, D.C. 20001<br><br>**Plaintiff,**<br><br>-vs.-<br><br>Todd E. Edelman<br>D.C. Superior Court<br>500 Indiana Avenue NW Suite #3160<br>Washington, D.C. 20001<br>&<br>Donald W. Tunnage<br>D.C. Superior Court<br>500 Indiana Avenue NW Suite #2420<br>**Defendants** WASHINGTON D.C 20001<br>**Serve on:**<br>Todd E. Edelman   (Address above)<br>&<br>Donald W. Tunnage (Address above)<br>&<br>**Mayor Murial Boswer**<br>1350 Pennsylvania Avenue NW<br>Washington, D.C. 20004<br>&<br>**Office of the Attorney General of**<br>**District of Columbia**<br>400 6th Street NW<br>Washington, D.C. 20001 | Case: 1:25-cv-02484 **JURY DEMAND**<br>Assigned To : Unassigned<br>Assign. Date : 7/26/2025<br>Description: **Pro Se Gen. Civ (F-DECK)**<br><br>**VERIFIED COMPLAINT**<br>**WITH JURY TRIAL**<br>**DEMAND**<br><br><br><br>**RECEIVED**<br>**Mailroom**<br><br>**JUL 28 2025**<br><br>Angela D. Caesar, Clerk of Clerk<br>U.S. District Court, District of Columbia |

## COMPLAINT[1]

---

[1] Plaintiff is *pro se*. Pleadings of *pro se* litigants are provided liberal construction by the Court. Erickson v. Pardus, 55 F. Supp. 2d 7, 11 (2007)(The pleadings of *pro se* parties "[are] to be taken liberally, however inartfully pleaded, and must be held to less stringent standards than formal pleadings drafted by lawyers"); Lemon v. Kramer, 279 F. Supp. 3d 125, 141 (D.D.C. 2017)("Further, a *pro se* Plaintiff's pleadings must be "considered *in toto*" to determine whether they set out allegations sufficient to survive dismissal").

1

## I. INTRODUCTION

There is a pattern and practice of judges on the D.C. Superior Court of denying my constitutional right to due process that has caused me harm. Thus they have acted in bad faith.

The Hon. Todd E. Edelman ("Judge Edelman") denied my Fifth Amendment right to due process in the civil matter over which he is presiding. Judge Edelman also denied my statutory right to the full benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens to enforce contracts. The orders he issued that did so need to be halted in the interest of justice.

The Hon. Judge Donald W. Tunnage ("Judge Tunnage"), who succeeded Judge Edelman refused to reconsider any orders made by Judge Edelman, which denied my Fifth Amendment right to due process on my motions for relief. Thus, I file the current civil action.

## II. JURISDICTION

1. Jurisdiction of this matter is held by this United States Court for the District of Columbia, pursuant to: 1) 28 U.S.C § 1331 because the acts complained of herein present a federal question for violation of rights under the Fifth Amendment of the United States Constitution and other federal statutes; 2) 42 U.S.C § 1983 because Defendant acted under color of District of Columbia law when he violated Plaintiff's constitutional and statutory rights; and (3) 28 U.S.C. § 1367 because this Court has supplemental jurisdiction over the District of Columbia law claims.

## III. VENUE

2. Venue of District of Columbia is proper under 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in the District of Columbia.

## IV. PARTIES

2

3. Deon D. Colvin ("Plaintiff", "I", "me"), is a citizen of the District of Columbia, domiciled at 743 Fairmont Street N.W. #211 Washington D.C. 20001.

4. Todd E. Edelman ("Defendant A", "Judge Edelman"), is a Judicial Officer for the D.C. Superior Court and his address is the same as the D.C. Superior Court: 500 Indiana Ave NW, Suite # 3160 Washington, D.C. 20001. I am suing Judge Edelman in his personal (individual) capacity.

5. Donald W. Tunnage ("Defendant B", "Judge Tunnage"), is a Judicial Officer for the D.C. Superior Court and his address is the same as the D.C. Superior Court: 500 Indiana Ave NW, Suite # 2420 Washington, D.C. 20001. I am suing Judge Tunnage in his personal (individual) capacity.

## V.  STATEMENT OF FACTS

6. I am African American.

7. On or about December 11, 2019, I filed a complaint *pro se, in forma pauperis* with the D.C. Superior Court (Case No. 2019-CA-008113 B)("The Case") against 743 Fairmont Street NW LLC for, *inter alia*, multiple breaches of contract.

8. On or about January 1, 2021, Todd E. Edelman ("Judge Edelman"), is assigned to the case.

9. On or about January 1, 2023, Donald W. Tunnage ("Judge Tunnage"), is assigned to the case, replacing Judge Edelman.

10. On July 24, 2026, the case was dismissed by Judge Tunnage.

### Claim #1: Plaintiff Denied Due Process For His Motion For Sanctions

11. Plaintiff incorporates all the above factual allegations in the above paragraphs into this claim.

12. Petra Management LLC ("Petra Management") was the management company for 743 Fairmont Street NW LLC for its apartment building in which I reside (which is 743 Fairmont Street NW 20001) and where the breaches that make up my complaint in case no. 2019-CA-008113 B occurred.

13. Anthony Stukes was an employee of Petra Management and I served my subpoenas for him to Petra Management.

14. On or about May 24, 2022, Judge Edelman ordered Petra Management LLC ("Petra Management") and Anthony Stukes ("Mr. Stukes") to respond to my subpoenas for production of documents that I served on them by June, 6, 2022. *See* Exhibit 1.

15. After the order, an officer for the Defendant retrieved the subpoenaed email documents from Mr. Stukes' email and relayed the results of the inquiry to Defendant's attorney Mr. Cannon.

16. Mr. Cannon, Defendant's attorney, stated to me that he was not going to allow Mr. Stukes to appear in person to produce subpoenaed documents from his email account per my subpoena command.

17. Thus, Defendant's officer and Defendant's attorney interfered with the subpoenas served to Petra Management and caused the noncompliance.

18. On June 6, 2022, I filed a motion for sanctions against Defendant, Petra Management and Anthony Stukes for failure to obey the Court's order. *See* Exhibit 2.

19. I requested sanctions on the Defendant for its failure to permit discovery.

20. On July 26, 2022, an order was docketed by Judge Edelman denying my motion for sanctions against Defendant ("Judge Edelman's Order" or "Judge Edelman's July 26th Order").[2] *See* Exhibit 3.

21. Judge Edelman provided no reason for the denial in his order.

22. Judge Edelman denied me Fifth Amendment procedural due process on my motion because D.C. Superior Court Rule 37 states that if a party or a party's officer fails to obey an order to provide or permit discovery, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

23. I was financially harmed by Judge Edelman's failure to award me the reasonable expenses caused by the failure.

24. I was harmed because I did not get the ordered subpoenaed documents from Mr. Stukes, a major witness in the case, *i.e.*, I was denied adequate discovery.

25. I was harmed because the subpoenaed information might have supported my claims for compensatory or punitive damages.

26. I request an injunction on Judge Edelman's Order that violated my constitutional right to procedural due process.

27. An injunction is necessary to protect my constitutional right to procedural due process.

28. I am irreparably injured without an injunction by this Court as Judge Tunnage has dismissed my case after more than five years of litigation and I have not been able to get

---

[2] The order was written on July 25th, 2022 and docketed on July 26th, 2022, hence I often refer to it in this complaint as "the July 26th, order."

due process and fair treatment from the D.C. Court of Appeals in cases I have brought before it.[3]

29. This claim is being brought pursuant to the Fifth Amendment of the U.S. Constitution, 42 U.S.C. § 1983, and District of Columbia Code §12-301.

<u>Claim # 2: Plaintiff Is Denied His Statutory Right to Rule 37 Procedures for His Motion for Sanctions</u>

30. Plaintiff incorporates all the above factual allegations in the above paragraphs and the above claims into this claim.

31. Judge Edelman's failure in his order to award me the reasonable expenses for Defendant's failure to permit discovery of the requested subpoenaed documents violated my statutory right to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens per 42 U.S.C. § 1981, *i.e.*, the proceeding prescribed in Rule 37 where the Court *must* sanction a party that is disobedient and/or its attorney the reasonable expenses for the failure.

32. I was harmed in the manner noted above in claim #1.

33. I request an injunction on Judge Edelman's July 26th Order that violated my statutory right.

---

[3] See *In re: Deon D. Colvin*, D.C. Court of Appeals, Case No. 24-OA-0016. In this related case, seeking a writ of mandamus directing Judge Tunnage to disqualify, the court based its order to deny mandamus on a standard it did not define ("the overpowering standard"), which violated my right to due process.

See *In re: Deon D. Colvin*, D.C. Court of Appeals Case No. 25-OA-0004. In this related case, seeking a writ of mandamus directing Judge Tunnage to disqualify, the Court did not list 743 Fairmont Street NW LLC (Defendant in the underlying case 2019-CA-008113 B) as the respondent in the case per Rule 21 (a), and thus held mandamus proceedings without the all required parties being present, which was a violation of my right to due process on my petition. Further, the court based its order to deny mandamus on a standard it did not define ("the overpowering standard"), which violated my right to due process.

See *Deon Colvin v. Howard University*, consolidated cases 20-CV-0122 and 19-CV-1250, in its Judgment, the Court misclassified me as "counsel" and denied me the liberal pleading standards it affords to *pro se* complaints per *Haines v. Kerner*, 404 U.S. 519 (1972), which violated my right to due process.

The Supreme Court denied certiorari for these cases, which is not a judgment of the merits.

6

34. I am irreparably injured without an injunction by this Court as Judge Tunnage has dismissed my case after more than five years of litigation and I have not been able to get due process and fair treatment from the D.C. Court of Appeals in cases I have brought before it.[4]

35. This claim is being brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and District of Columbia Code §12-301.

### Claim # 3: Judge Edelman's July 26th Order Violated my Fifth Amendment Due Process for My Motion for Sanctions Against Petra Management

36. Plaintiff incorporates all the above factual allegations in the above paragraphs and the above claims into this claim.

37. On or about May 24, 2025, Judge Edelman ordered Petra Management LLC ("Petra Management") and Anthony Stukes to respond to my subpoenas for production of documents that I served on them by June, 6, 2022. *See* Exhibit 1.

38. Anthony Stukes was an employee of Petra Management and I served my subpoenas for him to Petra Management.

39. Petra Management did not present my subpoenas to Anthony Stukes so that he could respond to them per D.C. Superior Court Rule 45.

40. On July 21, 2022, I filed a motion for sanctions against Petra Management for failure to obey the Court's order as it related to Rule 45. *See* Exhibit 4.

41. On July 26, 2022, an order was docketed by Judge Edelman denying my motion for sanctions against Petra Management. *See* Exhibit 3.

42. Judge Edelman denied me Fifth Amendment due process on my motion because D.C. Superior Court Rule 37 states that if a party or a party's officer fails to obey an order to

---

[4] Ibid.

provide or permit discovery, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

43. Petra Management, by not presenting my subpoenas to its employee Anthony Stukes disobeyed the Court's order to permit discovery of the subpoenaed documents.

44. I was harmed because I did not get the ordered subpoenaed documents from Mr. Stukes, a major witness in the case, *i.e.*, I was denied adequate discovery.

45. I was harmed because the subpoenaed certifications would have provided evidence if Mr. Stukes had the required certification when he commenced to doing repair work in my apartment, which is a relevant fact in my complaint.

46. I was harmed because the lack of information affects my ability to present my case and hence effects the fairness of any trial that may occur.

47. I request an injunction on Judge Edelman's July 26th Order that violated my Fifth Amendment right to procedural due process for my motion for sanctions against Petra Management.

48. An injunction is necessary to protect my constitutional right to procedural due process.

49. I am irreparably injured without an injunction by this Court as Judge Tunnage has dismissed my case after more than five years of litigation and I have not been able to get due process and fair treatment from the D.C. Court of Appeals in cases I have brought before it.[5]

---

[5] Ibid.

50. This claim is being brought pursuant to the Fifth Amendment of the U.S. Constitution, 42 U.S.C. § 1983, and District of Columbia Code §12-301.

<u>Claim # 4: Judge Edelman's July 26th Order Violated My Statutory Right to Rule 37 Procedures on My Motion For Sanctions Against Petra Management</u>

51. Plaintiff incorporates all the above factual allegations in the above paragraphs and the above claims into this claim.

52. Judge Edelman's failure in his order docketed on July 26th, 2022 to award me reasonable expenses for Petra Management's failure to comply and provide the subpoenas to Mr. Anthony Stukes so that he could answer the subpoenas he was required to per D.C. Superior Court Rule 45, violated my statutory right to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens for the enforcement of contracts, *i.e.*, the proceeding prescribed in Rule 45 where the subpoenaed party must respond to the subpoenas, and the proceeding prescribed in Rule 37 where the Court *must* sanction a party that is disobedient to a court order the reasonable expenses for the failure, per 42 U.S.C. § 1981.

53. I was harmed in the manner noted above in claim #3.

54. I request an injunction on Judge Edelman's July 26th Order that violated my statutory right.

55. I am irreparably injured without an injunction by this Court as Judge Tunnage has dismissed my case after more than five years of litigation and I have not been able to get due process and fair treatment from the D.C. Court of Appeals in cases I have brought before it.[6]

---

[6] Ibid.

56. This claim is being brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and District of Columbia Code §12-301.

Claim #5: Plaintiff Denied Due Process For His Motion for Sanctions Against E & G Group

57. Plaintiff incorporates all the above factual allegations in the above paragraphs and the above claims into this claim.

58. On May 24, 2022, Judge Edelman ordered Edmonson & Gallagher Group Property Services ("E & G Group") to respond to my subpoenas by June, 6, 2022. *See* Exhibit 1.

59. My subpoenas commanded E & G Group to produce, *inter alia*, resumes for designated employees who worked at or managed 743 Fairmont Street NW 20001 during the time of my complaint.

60. E & G Group did not provide the subpoenaed resumes of E & G Group Associates in the manner prescribed in Rule 45, which states a person is to produce subpoenaed documents as they are kept in the ordinary course of business.

61. Instead, they provided redacted documents, i.e., documents that had the addresses of the associates and former associates redacted.

62. By not providing documents as prescribed by Rule 45, E & G Group failed to obey the court's order.

63. On June 21, 2022, I filed a motion for sanctions against E & G Group for failure to obey the Court's order as it related to Rule 45. *See* Exhibit 5.

64. On July 26, 2022, an order was docketed by Judge Edelman denying my motion for sanctions against E & G Group. *See* Exhibit 3.

65. Judge Edelman denied me due process on my motion because Rule 37 states that if a party or a party's officer fails to obey an order to provide or permit discovery, the court

10

must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

66. I was financially harmed by Judge Edelman's failure to award me reasonable expenses caused by E & G Group's failure to obey the Court's May 24th order.

67. I was harmed because I did not get the ordered subpoenaed resumes in the manner prescribed in Rule 45 for subpoenas documents, *i.e.*, as they are held in the course of business; thus, I was denied adequate discovery.

68. I was harmed my case because I do not have the addresses to subpoena the E & G Group associates and former associates, who are major fact witnesses in the case.

69. I was harmed because this lack of information affects my ability to present my case and hence effects the fairness of any trial that may occur.

70. I request an injunction on Judge Edelman's July 26th Order that violated my Fifth Amendment right to procedural due process for my motion for sanctions against E & G Group.

71. An injunction is necessary to protect my constitutional right to procedural due process.

72. I am irreparably injured without an injunction by this Court as Judge Tunnage has dismissed my case after more than five years of litigation and I have not been able to get due process and fair treatment from the D.C. Court of Appeals in cases I have brought before it.[7]

---

[7] Ibid.

73. This claim is being brought pursuant to the Fifth Amendment of the U.S. Constitution, 42 U.S.C. § 1983, and District of Columbia Code §12-301.

### Claim # 6: Judge Edelman's July 26th Order Violated my Statutory Right to Rule 37 Procedures on My Motion For Sanctions Against E & G Group LLC

74. Plaintiff incorporates all the above factual allegations in the above paragraphs and the above claims into this claim.

75. Judge Edelman's failure in his July 26th, 2022 order to award me reasonable expenses for E & G Group's failure to comply and provide the subpoenaed resumes of E& G Group Associates and former associates as they are stored in the course of business as they were required to do per Rule 45, violated my statutory right to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, *i.e.*, the proceedings prescribed in Rule 45 where the subpoenaed party must provide documents as they are stored in the course of business, and the proceedings prescribed in rule 37 where the Court *must* sanction a party or its representative that is disobedient to a court order the reasonable expenses for the failure, per 42 U.S.C. § 1981.

76. I was harmed in the manner noted above in claim #5.

77. I request an injunction on Judge Edelman's July 26th Order that violated my statutory right.

78. I am irreparably injured without an injunction by this Court as Judge Tunnage has dismissed my case after more than five years of litigation and I have not been able to get due process and fair treatment from the D.C. Court of Appeals in cases I have brought before it.[8]

---

[8] Ibid.

79. This claim is being brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and District of Columbia Code §12-301.

### Claim # 7: Plaintiff Denied Due Process For His Motion for Sanctions Against Petra Management

80. Plaintiff incorporates all the above factual allegations in the above paragraphs and the above claims into this claim.

81. On May 24, 2022, Judge Edelman ordered Petra Management Group LLC ("Petra Management") to respond to my subpoenas requesting the production of documents by June, 6, 2022. *See* Exhibit 1.

82. My subpoenas commanded Petra Management to produce, *inter alia*, resumes for designated current and former employees who worked at or managed Defendant's property during the time of my complaint.

83. Petra Management did not provide the subpoenaed resumes in the manner prescribed in Rule 45, which states a person is to produce subpoenaed documents as they are kept in the ordinary course of business.

84. Instead, they provided redacted documents, *i.e.*, documents that had the addresses of the employees and former employees redacted.

85. By not providing documents as prescribed by Rule 45, Petra Management failed to obey the Order.

86. On July 1, 2022, I filed a second motion for sanctions against Petra Management for failure to obey the Court's order as it related to Rule 45. *See* Exhibit 6.

87. On July 26, 2022, an order was docketed by Judge Edelman denying my motion for sanctions against E & G Group. *See* Exhibit 3.

88. Judge Edelman denied me Fifth Amendment procedural due process on my motion because Rule 37 states that if a party or a party's officer fails to obey an order to provide or permit discovery, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

89. I was financially harmed by Judge Edelman's failure to award me reasonable expenses caused by Petra Management's failure to obey the Court's May 24th order.

90. I was harmed because I did not get the ordered subpoenaed resumes in the manner prescribed in Rule 45 for subpoenas documents, *i.e.*, as they are held in the course of business; thus, I was denied adequate discovery.

91. I was harmed because I do not have the addresses to subpoena the Petra Management associates and former associates, who are major fact witnesses in the case.

92. I was harmed because this lack of information affects my ability to present my case and hence effects the fairness of any trial that may occur.

93. I request an injunction on this order by Judge Edelman that violated my Fifth Amendment right to procedural due process for my motion for sanctions against E & G Group.

94. I request an injunction on Judge Edelman's July 26th Order and the case.

95. I am irreparably injured without an injunction by this Court as Judge Tunnage has dismissed my case after more than five years of litigation and I have not been able to get

due process and fair treatment from the D.C. Court of Appeals in cases I have brought before it.[9]

96. This claim is being brought pursuant to the Fifth Amendment of the U.S. Constitution, 42 U.S.C. § 1983, and District of Columbia Code §12-301.

Claim # 8: Judge Edelman's July 26th Order Violated my Statutory Right to Rule 37 Procedures on My Motion For Sanctions Against Petra Management Group LLC

97. Plaintiff incorporates all the above factual allegations in the above paragraphs and the above claims into this claim.

98. Judge Edelman's failure in his June 26th, 2022 order to award me reasonable expenses for Petra Management's failure to comply and provide the subpoenaed resumes of its associates and former associates as they are stored in the course of business as Petra Management was required to per Rule 45, violated my statutory right to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, *i.e.*, the proceeding prescribed in Rule 45 where the subpoenaed party must provide documents as they are stored in the course of business, and the proceeding prescribed in rule 37 where the Court *must* sanction a party or its representative that is disobedient to a court order the reasonable expenses for the failure, per 42 U.S.C. § 1981.

99. I was harmed in the manner noted above in claim #7.

100. I request an injunction on Judge Edelman's July 26th Order that violated my statutory right.

101. I am irreparably injured without an injunction by this Court as Judge Tunnage has dismissed my case after more than five years of litigation and I have not been able to get

---

[9] Ibid.

due process and fair treatment from the D.C. Court of Appeals in cases I have brought before it.[10]

102. This claim is being brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and District of Columbia Code §12-301.

### Claim # 9: Judge Tunnage Refused to Consider My Rule 60 Motion For Relief From Judge Edelman's July 26th Order

103. Plaintiff incorporates all the above factual allegations in the above paragraphs and the above claims into this claim.

104. On February 27, 2023 I filed a Rule 60 (b) motion for relief from Judge Edelman's July 26th 2022 Order denying sanctions. *See* Exhibit 7.

105. Judge Tunnage refused to consider the motion, stating he would not reconsider anything already ruled on by Judge Edelman. *See* Exhibit 8.

106. Judge Tunnage's failure to consider was a violation of D.C. case law which says he must inquire if issues were raised in my Rule 60 (b) motion which entitled me to relief. *Starling v. Jephunneh Lawrence & Associates*, 495 A. 2d 1157, 1162 (D.C. 1985)("This Court has long emphasized that the trial court has a responsibility to inquire where matters are raised which might entitle the movant to relief under Rule 60(b)").

107. Judge Tunnage's failure to consider my motion violated my Fifth Amendment right to procedural due process on my motion, in this instance the process due was an inquiry to see if *any* matters raised in my motion entitled me to relief.

108. I was harmed by the court not inquiring if I raised issues that might entitle me to relief.

---

[10] Ibid.

109. I was harmed by not having the opportunity to obtain the subpoenaed materials to better understand my case and to see if they would be useful as exhibits in presenting my case.

110. I was harmed because the lack of opportunity to obtain information that may be relevant to my case pursuant to the Court's Rules for subpoenas (Rule 45) and discovery (Rules 26 & 37) effects the fairness of any trial that may occur.

111. I request an injunction on this action (or lack of action) by Judge Tunnage that violated my Fifth Amendment right to procedural due process for my motion for relief.

112. I am irreparably injured without an injunction by this Court as Judge Tunnage has dismissed my case after more than five years of litigation and I have not been able to get due process and fair treatment from the D.C. Court of Appeals in cases I have brought before it.[11]

113. This claim is being brought pursuant to the Fifth Amendment of the U.S. Constitution, 42 U.S.C. § 1983, and District of Columbia Code §12-301.

Claim # 10: Judge Tunnage Refuse to Consider My Rule 60 Motion For Judge Edelman's Order

114. Plaintiff incorporates all the above factual allegations in the above paragraphs and the above claims into this claim.

115. On February 27, 2023 I filed a second Rule 60 (b) motion for relief from Judge Edelman's July 26th, 2022 Order order denying sanctions. *See* Exhibit 9.

116. Judge Tunnage refused to consider the motion, stating he would not reconsider anything already ruled on by Judge Edelman. *See* Exhibit 8.

---

[11] Ibid.

117. Judge Tunnage's failure to consider was a violation of D.C. case law which says he must inquire if issues were raised in my Rule 60 (b) motion which entitled me to relief. *Starling v. Jephunneh Lawrence & Associates*, 495 A. 2d 1157, 1162 (D.C. 1985)("This Court has long emphasized that the trial court has a responsibility to inquire where matters are raised which might entitle the movant to relief under Rule 60(b)").

118. Judge Tunnage's failure to consider my motion violated my Fifth Amendment right to procedural due process on my motion, in this instance the process due was an inquiry to see if matters raised in my motion entitled me to relief.

119. I was harmed by the court not inquiring if I raised *any* issues that might entitle me to relief.

120. I was harmed by not having the opportunity to obtain the subpoenaed materials to better understand my case and to see if they would be useful as exhibits in presenting my case.

121. I was harmed because the lack of opportunity to obtain information that may be relevant to my case pursuant to the Court's Rules for subpoenas (Rule 45) and discovery (Rules 26 & 37) effects the fairness of any trial that may occur.

122. I request an injunction on this action (or lack of action) by Judge Tunnage that violated my Fifth Amendment right to procedural due process for my motion for relief.

123. I am irreparably injured without an injunction by this Court as Judge Tunnage has dismissed my case after more than five years of litigation and I have not been able to get due process and fair treatment from the D.C. Court of Appeals in cases I have brought before it.[12]

---

[12] Ibid.

124. This claim is being brought pursuant to the Fifth Amendment of the U.S. Constitution, 42 U.S.C. § 1983, and District of Columbia Code §12-301.

## VIII. Requests for Relief

**WHEREFORE**, the Plaintiff, Deon D. Colvin, respectfully requests the following relief:

a. Injunctive Relief

b. Any other legally allowable relief.

## VI. JURY TRIAL DEMAND

1. Plaintiff Colvin hereby requests a jury trial in this matter.

DATED: July 26, 2025

Respectfully Submitted,

By: _Deon D. Colvin_

Deon D. Colvin—Plaintiff (*Pro Se*)
743 Fairmont Street, N.W. #211
Washington, D.C. 20001
Phone: 216-396-8512
Email: DeonColvin@aol.com

## STATEMENT OF VERIFICATION

I, Deon D. Colvin, on this 26th of July 2025, do hereby state that the foregoing **COMPLAINT** is true to the best of my knowledge, information, and belief.

_Deon D. Colvin_
Deon D. Colvin (Plaintiff)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th of July 2025, or at a time determined by the U.S. District Court of the District of Columbia, that a copy of the foregoing **VERIFIED COMPLAINT WITH JURY TRIAL DEMAND& EXHIBITS 1-9 ( 43 page document)** was served via U.S. Marshal Service to:

Todd E. Edelman
D.C. Superior Court
500 Indiana Avenue NW, Suite #3160
Washington, D.C. 20001

Donald W. Tunnage
D.C. Superior Court
500 Indiana Avenue NW Suite #2420
Washington, D.C. 20001
&
Mayor Murial Bowser
1350 Pennsylvania Avenue
Washington, D.C. 20004
&
Office of the Attorney General,
District of Columbia
400 6th Street NW
Washington, D.C. 20001

_Deon D. Colvin_
Deon D. Colvin (Plaintiff)