UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEON D. COLVIN,

    *Plaintiff*,

v.　　　　　　　　　　　　　　　　　　Civil Action No. 1:25-cv-02484 (UNA)

TODD E. EDELMAN, *et al.*,

    *Defendants*.

## MEMORANDUM OPINION

    This matter is before the Court on its review of Plaintiff's *pro se* Amended Complaint ("Am. Compl."), ECF No. 4, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this case without prejudice.

    Plaintiff, a resident of the District, sues two associate judges of the D.C. Superior Court, both of whom presided over a case that Plaintiff filed in that court, *see Colvin v. 743 Fairmont St. NW LLC*, No. 2019-CA-008113-B ("*Colvin I*") (D.C. Super. Ct. filed Dec. 11, 2019),[1] which was dismissed on July 24, 2025, *see id.* at Dkt., Order Dismissing Case (July 24, 2025); *see also* Am. Compl. at 1–4. Plaintiff challenges several determinations made by the court in *Colvin I*, largely related to the treatment of Plaintiff's motions and his other requests for relief, and ultimately, *Colvin I*'s dismissal. *See* Compl. at 3–25. He alleges that these judicial acts violated his

---

[1] A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

"constitutional and statutory rights," *see id.* at 2, and he seeks an injunction from this Court condemning and reversing them, *see id.* at 3–25.

Plaintiff has failed to establish subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Federal courts are generally prohibited from reviewing determinations made by local District of Columbia courts. *See Richardson v. D.C. Ct. of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415 (1923)). The *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are inextricably intertwined with the issues that were before the state court." *Araya v. Bayly*, 875 F. Supp. 2d 1, 3 (D.D.C. 2012) (citation and internal quotation marks omitted), *aff'd*, No. 12-7069, 2013 WL 500819 (D.C. Cir. Jan. 18, 2013). In addition, to the extent that Plaintiff seeks relief against Defendants in their personal capacities, such claims are "barred under the doctrine of absolute judicial immunity and thus must be dismissed." *Smith v. Scalia*, 44 F. Supp. 3d 28, 40 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015).

For these reasons, the case is dismissed without prejudice. Plaintiff's Motion to Withdraw, ECF No. 6, the Second Amended Complaint, ECF No. 5, filed improperly without leave on October 7, 2025, is hereby granted, and the Second Amended Complaint, ECF No. 5, is hereby formally withdrawn. Plaintiff's subsequent Motion for Leave to File a Second Amended Complaint, ECF No. 8, is hereby denied because the proposed second amended complaint attached fails to correct any of the existing deficiencies in his Amended Complaint. Finally, Plaintiff's Motion to Extend Time to Serve, ECF No. 6, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: November 6, 2025

/s/ Carl J. Nichols
CARL J. NICHOLS
United States District Judge